OLIVER J. MORGAN *v.* MARTHA A. BENTON and Husband.

APPEAL from the District Court of Carroll, *Curry,* J.

MARTIN, J. The plaintiff and appellant has placed this case before us on a bill of exceptions, to the refusal of the judge of the lower court, to admit the testimony of Selby. The suit was brought on a charge of the concealment, by Martha A. Benton, of property of the estate of her former husband. The witness was objected to by the defendants' counsel on the ground of interest, although he stated, on his *voir dire,* that he was not interested, directly or indirectly, but added that he was counsel of M. A. Benton, at the time of the alleged concealment, and had since charged her with intermeddling in a suit brought by him.

The counsel of the defendants and appellees has contended that the bill of exceptions does not state that the witness was rejected at all, or that the refusal to swear him was at his own request, on the ground of his having been the counsel of M. A. Benton. The bill of exceptions expressly states that the defendants' objected to the introduction of the witness' testimony on the score of interest. It is true, it is farther stated, that the witness mentioned that he was counsel of M. A. Benton. As the judge below subscribed a bill of exceptions, taken by the plaintiff, to his opinion on the objection of the defendants to the admission of a witness offered by the plaintiff, it is clear that this opinion was adverse to the plaintiff and sustained the defendant's objection. The mention by the witness of his being the counsel of M. A. Benton, does not establish that he objected to being sworn on that account ; and his delicacy may well be supposed to have prompted him to declare his relation to her.

The judge, in our opinion, erred, in sustaining the defendants' objection to the witness on the score of interest, while there was not only no proof of such interest, but it was denied on the *voir dire.* There was nothing in the objection to him, on the ground of his having been of counsel.

It is, therefore ordered, that the judgment be reversed, and the case remanded with directions to the District Court not to reject

the testimony of Selby ; the defendants and appellees paying the costs of the appeal.

*Willson,* for the appellant.

*Hyams,* contra.